UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CR-77-TAV-DCP-8 |
| | ) | |
| GEORGE ED ERWIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's motion for compassionate release [Doc. 449]. The government has responded in opposition [Doc. 457]. For the reasons set forth below, defendant's motion [Doc. 449] is **DENIED**.

## I.    Background

On March 26, 2021, defendant pleaded guilty to conspiring to possess with intent to distribute at least 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 270]. He was sentenced to the statutory mandatory minimum of 120 months' imprisonment, followed by five years of supervised release [Doc. 394]. According to the Bureau of Prisons' ("BOP") website, defendant is currently scheduled for release on November 26, 2026. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed September 20, 2024).

## II.    Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).

The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the BOP. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under a § 3582(c)(1)(A)(i) motion [Doc. 449].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13]

2

to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III.  Analysis

### A.  Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, defendant sought compassionate release from the BOP based on his medical conditions [Doc. 449-4, p. 50] prior to filing the instant motion. As the government notes, defendant raises new claims in his motion that were not previously exhausted through a BOP compassionate release request [*see, e.g.*, Doc. 449, pp. 10–13]. However, defendant's primary claims regarding his health and the medical circumstances of his confinement were

3

properly raised to BOP [Doc. 449-4, p. 50]. Thus, the Court will evaluate defendant's motion insofar as he alleges extraordinary medical circumstances warranting relief according to the three-step test explained above.

## B.     Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion

4

without reference to any policy statement); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A).") However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(5). Here, defendant cites the following as an extraordinary and compelling grounds warranting his release: his chronic medical conditions (e.g., diabetes, long COVID-19, and a fractured cervical spine) and inadequate treatment options available to him [*See* Doc. 449-4, p. 50].

### i. Defendant's Medical Circumstances

The amended policy statement provides that the following may be extraordinary and compelling reasons for release:

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

5

(B) The defendant is—

    (i)     suffering from a serious physical or medical condition,

    (ii)    suffering from a serious functional or cognitive impairment, or

    (iii)   experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

    (i)     the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

    (ii)    due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

    (iii)   such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

In his motion for compassionate release, defendant argues that COVID-19 is highly transmissible in prisons and poses unique threats to defendant given his chronic medical conditions [Doc. 449, pp. 9–10]. These conditions include cognitive impairment stemming from a traumatic brain injury, chronic pain in his neck and back, and Type II diabetes, among other reported ailments [*Id.* at 14]. Additionally, defendant alleges that he has received

inadequate meals, clothing, and living conditions [*Id*. at 10]. To substantiate his claims relating to medical circumstances, defendant attaches vital screening records [Doc. 449-2].

The government argues that defendant has failed to establish an extraordinary circumstance according to the guidelines [Doc. 457, pp. 4–9]. It notes that defendant has received his COVID-19 vaccination and booster shots [*Id*. at 5; *see also* Sealed Doc. 458]. It also notes that defendant's medical conditions preceded his sentencing and BOP has monitored defendant's health [*Id*. at 5–6]. Finally, the government argues that defendant's claims related to inadequate conditions of confinement are more properly addressed through a civil rights law suits (per 42 U.S.C. § 1983) rather than a compassionate release motion [*Id*. at 6].

Defendant has not established that the foregoing circumstances amount to an extraordinary and compelling reason warranting relief. First, the Sixth Circuit has ruled that a defendant's potential exposure to COVID-19 does not present and "extraordinary and compelling reason" warranting a sentencing reduction. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). This is particularly true when a defendant has "access to the COVID-19 vaccine," *Id*., and defendant in this case has received this vaccine along with booster injections [Sealed Doc. 458]. As for defendant's other chronic conditions, he has not presented evidence that his confinement "substantially diminishes the ability of the defendant to provide self-care." U.S.S.G. § 1B1.13(b)(1)(C). And, as this Court has held before, "[t]o the extent that defendant argues that the Bureau of Prisons is violating [his] rights by failing to protect adequate medical treatment, the Court finds that such claims should be addressed through 42 U.S.C. § 1983 or another appropriate civil remedy, not through a motion for compassionate

7

release." *United States v. Guzman*, No. 3:10-CR-161, 2021 WL 5217624, at *6 (E.D. Tenn. Nov. 9, 2021), *aff'd*, No. 21-6125, 2022 WL 1738023 (6th Cir. Apr. 14, 2022).

Defendant's medical circumstances, pursuant to U.S.S.G. § 1B1.13(b)(1), do not rise to the level of an extraordinary and compelling reason warranting compassionate release. Therefore, the Court need not reach the third step under § 3582(c)(1)(A)(i).

## IV. Conclusion

For the reasons set forth above, defendant's motion [Doc. 449] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

8